JOHN W. SPELLMAN *et al.*

*v.*

STEPHEN DOWSE.

1. GUARDIAN'S SALE—*motion for order of approval forms part of the original case.* Where a report of a guardian's sale is presented to the court, and a motion entered for an order approving the sale, seven or eight years after the sale, the motion and order form a part of the origi-

nal proceeding under which the sale was ordered to be made, and on the hearing of the motion, any objection can be urged that could have been had the motion been made at the next term after the sale, and the want of jurisdiction of the subject matter may be shown at any stage of the proceeding, and until every order or step required by the statute has been taken and completed.

2. SAME—*jurisdiction of the court to order.* The proceedings by a guardian to sell the real estate of his ward are statutory, and the requirements of the statute, that applications for the sale of such real estate shall be made in the county where the ward resides, or, in case the ward does not reside in the State, in some county where the whole or a part of the real estate is situated, is jurisdictional, and any material deviation from these requirements, as to the court in which the proceedings must be had, is fatal to the jurisdiction of the court.

3. If a person, having no letters of guardianship, were to apply for the sale of land of a minor, claiming to be his guardian, the proceeding could be defeated for the want of a proper party as petitioner. It is only by the power conferred by the appointment of a guardian, that he becomes invested with authority to ask for the sale of the minor's real estate, or the court with jurisdiction to pass such a decree.

4. A decree was rendered in the circuit court of Will county for the sale by a guardian of real estate of his wards, all of which was in Cook county, and it did not appear, from the evidence or decree, where the wards resided. The sale was made, and, some seven or eight years afterward, a report thereof was presented to the circuit court of Will county, and application made to have the sale approved. The minors resisted the application, and, on the hearing, proved that, at the time of filing the petition for the order of sale, and when the sale was made, they were not residing in this State: *Held,* that the circuit court of Will county had no jurisdiction to order the sale, and that the question of jurisdiction was properly raised on the motion for an approval of the sale, and that the sale ought not to be approved.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

In 1864, John B. Preston, as guardian of John, Martin F. and Edward Spellman, minors, filed a petition in the circuit court of Will county, for leave to sell certain real estate situated in Cook county, Illinois, alleging in the petition that said minors were residents of Will county. In January, 1865, a decree of sale was rendered in accordance with the

prayer of the petition.   In July, 1873, a report of sale made by the guardian in February, 1865, in pursuance of the order of the court, was presented to the court for approval.   The minors filed exceptions to the report of sale.   Upon the hearing, the court approved the guardian's report, and confirmed the sale, and the minors appealed.

Mr. HOMER COOK, for the appellants.

Messrs. VALLETTE & GARDNER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In the view we take of this case, we deem it only necessary to determine the question whether the court had jurisdiction of the subject matter in litigation, when the decree was rendered ordering the sale of the lot.   This is by no means a collateral proceeding.   It is a continuation and part of the proceeding instituted for license to sell lands belonging to minors, under the statute; and the order appealed from was rendered confirming a sale made under a former decree of the court ordering the sale of the lot.   Although this report may have been made by the person acting as guardian for appellants, and presented seven or eight years after the sale and report were made, still the motion and order form a part of the original case, and, on the hearing thereof, any objection could be urged that could, had the application been made at the next term after the sale, and the want of jurisdiction of the subject matter may be shown at any stage of the proceeding, and until every order or step required by the statute has been taken and completed.

Then, had the court jurisdiction to hear the case and render the decree?

The statute in force when this application was made, provides that "application for the sale of such real estate shall be made in the county where the ward shall reside, although the estate may lie in a different county; but if the ward do not

reside in this State, such application shall be made to the
court where the whole or a part of the estate shall be situ-
ated."

The evidence shows that the wards, at the time, before and
after this petition was filed, resided in the State of Ohio. and
the petition describes the land as being in the city of Chi-
cago, and county of Cook ; hence the statute was not complied
with.    If the wards resided in Ohio. the statute is imperative
that the petition should have been filed and the proceedings
had in Cook county.    There is no land sought to be sold
described as lying in Will county.    The minors residing in
Ohio at the time, and none of the lands being in Will county,
the statute is explicit that the petition should have been filed
in Cook county.

A compliance with the statute in this respect is essential to
confer jurisdiction.    The whole proceeding is statutory, and the
requirements of the statute in this respect are jurisdictional.
The court can only proceed legally at the place and in the
manner prescribed by the statute.    Any material devia-
tion from its requirements, as to the court in which the
proceeding must be had, is fatal to the jurisdiction of the
court.    Now, the evidence in the record shows the minors
were not residents of the State, nor does the decree find that
they were, even if, in this direct proceeding, such a finding
would conclude appellants from proving they were not residents
of the State.    The proceeding is summary, and involves the
interests of persons usually of tender years, and incapable of
protecting their own interest, and being a proceeding liable
to great abuse, the statute has always been construed strictly.
But to hold that the court does not acquire jurisdiction, if
the suit is not brought in the county designated by the stat-
ute, is by no means a strict construction.    It is but following
the plain and unambiguous requirement of the statute.

In cases of this character, abuses and wrongs to the minor
are easily perpetrated, and especially so where the proceed-
ing is had when he resides in another State, and has no

notice of the proceeding. In this case the minors testify that they were, at the time, supporting themselves by their own efforts, and that there was no necessity for a sale of this lot.

This evidence is not referred to as contradicting or overcoming the finding of the decree, but as showing that, had it been heard, the court would have refused to order the sale. But that was had on *ex parte* evidence, the minors not being represented. It does not always occur that guardians are true to their sacred trust, and, from want of judgment, or for other reasons, they are often induced to take measures to dispose of lands of their wards, without necessity and at great loss. Hence the courts are required to insist upon at least a substantial compliance with the requirements of the law. We have no hesitation in saying that the evidence in this record shows a want of jurisdiction in the court to render the decree, and for this reason the court below erred in approving the sale.

It is urged that Mathewson, and not Preston, was guardian of appellants at the time the application was made. If a person, having no letters of guardianship, were to apply for the sale of land of a minor, claiming to be his guardian, the proceeding could be defeated for the want of a proper party as petitioner. It is only by the power conferred by the appointment of the guardian that he becomes invested with authority to ask for the sale of the minor's real estate, or for the court to pass such a decree. If, then, Preston had never been appointed guardian for these minors, or had been appointed and his letters had been revoked, the proceedings under the petition could be defeated by showing the fact, whatever might be the effect of the decree in a collateral proceeding.

Other questions were raised on the argument, but we are unable to see that they have any force.

For the error indicated, the order confirming the sale must be reversed and the cause remanded for further proceedings.

*Decree reversed.*