GLOUCESTER CITY TRUST COMPANY, PLAINTIFF-APPELLANT, v. ROBERT B. GOODFELLOW, DEFENDANT-RESPONDENT.

Argued October 19, 1938—Decided January 13, 1939.

For the appellant, *Louis B. LeDuc.*

For the respondent, *David R. Rose.*

The opinion of the court was delivered by

PERSKIE, J.   Did the judge below err, as it is claimed he did, in setting aside the judgment which appellant entered against respondent, in setting aside the proceedings instituted to enforce the payment thereof, and in restoring to respondent his land and premises sold pursuant to execution issued upon the judgment?   The answer to this question depends upon our determination as to whether the judge below correctly concluded that the judgment was "unlawfully" entered, and, therefore, was "utterly void."   *R. S.* 2:27-192.

We turn to the facts.  Appellant, plaintiff below, sued upon a note of $6,635, payable to its order, and signed by Robert K. Goodfellow, Jr., as maker, and endorsed by his father, the defendant below, Robert B. Goodfellow.  In pursuance of proper notice each defendant was required, if he intended to make a defense to the action, to file an affidavit of merits within ten days from date of personal service of the summons and complaint upon him.  On October 20th, 1937, personal service of the summons and complaint was made upon the defendant Robert K. Goodfellow, Jr.  But there was no personal service upon Robert B. Goodfellow.  Service upon him was made by serving Robert K. Goodfellow, Jr., with a true copy of the summons and complaint, as a member of the family, at their dwelling and usual place of abode.

Defendant's time to answer the summons and complaint did not expire until November 9th, 1937.  Notwithstanding this conceded fact, on November 3d, 1937, damages were assessed and judgment, by default, was entered against both defendants in favor of plaintiff in the sum of $6,802.08 and $67.14 costs, total $6,869.22.

It will serve no useful purpose to detail the various steps which plaintiff took thereafter to enforce payment of the judgment.  For pending some of the steps taken, defendant made application to Judge Palmer to set aside the default

548

judgment entered against him on November 3d, 1937, and to compel the return of his land and premises sold to plaintiff, at sheriff's sale, on December 31st, 1937, for $100. The application was based upon the ground that the default judgment was "illegally" entered and was, therefore, "utterly void."

Judge Palmer concluded that defendant's application was meritorious. Accordingly he made an order (April 29th, 1938, filed May 3d, 1938) by which he set aside the judgment entered against defendant on November 3d, 1937. By the same order he also set aside all proceedings instituted by plaintiff upon said judgment and directed that the land and premises sold pursuant to execution issued upon the judgment be restored by plaintiff to defendant. The propriety of that order is now challenged.

In support of that challenge it is argued here, as it was below, that the judgment was voidable and not void, that as a voidable judgment it could only be discharged upon equitable principles, that defendant was guilty of laches, and finally that it was improper to set aside the judgment because defendant had no defense thereto.

Passing over, without decision, the question as to whether the challenged order is appealable, we perceive no merit whatever to plaintiff's contentions. The record completely fails to support the claim that in the instant case, unlike in the case of *Westfield Trust Co.* v. *Court of Common Pleas,* 115 *N. J. L.* 86; 178 *Atl. Rep.* 546; *affirmed,* 116 *N. J. L.* 190; 183 *All. Rep.* 165, the judgment was signed by the judge himself. *Cf. Hoey* v. *Aspell & Co.,* 62 *N. J. L.* 200 (at *p.* 201); 40 *Atl. Rep.* 776. In neither the Westfield case nor in the instant case did the judge himself, as a matter of fact, sign the judgment.

Now it is conceded that defendant still had six days within which to file his answer when the default judgment was entered against him. That judgment was, therefore, "illegally" entered and was "utterly void." Since it was a void judgment, it could be vacated at any time. *Westfield Trust Co.* v. *Court of Common Pleas, supra,* and cases collated in the opinion of the Supreme Court.

We are entirely satisfied that Judge Palmer correctly concluded that our decision in the Westfield case adversely disposed of all the points argued for plaintiff and was dispositive of the case at bar.

Judgment is affirmed, with costs.

⋅ *For affirmance*—THE CHIEF JUSTICE, PARKER, CASE, BODINE, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ.   13.

*For reversal*—None.