(No. 30901.—

HELEN CALHOUN CASH, Appellant, *vs.* J. LOY MALONEY *et al.*, Appellees.

*Opinion filed January 19, 1949—Rehearing denied March 16, 1949.*

BURTON H. YOUNG, and ASKOW & STEVENS, both of Chicago, for appellant.

CHARLES F. GRIMES, and ELMER M. LEESMAN, both of Chicago, for appellees.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

Plaintiff-appellant filed a complaint in equity in the superior court of Cook County to quiet title and to set aside her conservator's deed to certain real estate under an order of sale entered by the probate court of Cook County. An accounting and writ of assistance also were prayed. From an order dismissing the complaint for want of equity, plaintiff appeals to this court as a freehold is directly involved.

Plaintiff contends the probate court of Cook County was without jurisdiction to enter an order of sale of real estate under the statute for the reason plaintiff resided in Kane County, and that by reason thereof the sale is void. The complaint was filed February 18, 1948, and alleged that on May 23, 1938, plaintiff was found insane by order of the county court of Kane County, and committed to Rest Haven Sanitarium in said Kane County; that plaintiff was the owner of certain real estate, an improved two-story brick residence in Flossmoor, Cook County; that since September, 1937, she never resided or was domiciled in Cook County; that on June 22, 1938, one John L. McConnell was, by order of the probate court of Cook County, appointed conservator of the person and estate of plaintiff; that on September 29, 1938, the said conservator filed a petition to sell the real estate in the probate court of Cook County, and nowhere therein was it alleged nor did the fact appear that plaintiff at any time during these proceedings was a resident of Cook County; that the property

was appraised at the sum of $26,000; that although no evidence was heard on December 2, 1938, the probate court entered a purported decree of sale, and later, on January 19, 1939, sold the property to defendants for the sum of $25,750 subject to deduction and prorations of taxes, insurance and rents, which sale was approved on January 21, 1939, deed issued on February 15, 1939, and recorded February 16, 1939; that on April 18, 1939, a petition was filed asking an order be entered permitting the conservator to resign and appointing the Metropolitan Trust Company, successor conservator, which was subsequently done; that on September 7, 1944, plaintiff was declared sane and restored to her rights by the county court of Kane County; that plaintiff was at all times during the proceedings a resident of Elgin in Kane County; that under the statute then in force and effect the probate court of Cook County was totally without jurisdiction to enter an order or decree of sale and that the said sale is a nullity; that no such proceedings were ever taken in Kane County, plaintiff's place of residence; that no summons or other process was ever served upon plaintiff as required by law and the court therefore had no jurisdiction over her person; that the purported purchasers have paid off a mortgage of $10,000; that the property is improved with a two-and-one-half story, brick, nine-room residence, and a two-car garage and has a landscaped two-acre yard directly across from the Flossmoor Country Club, and the fair market value at the time of the purported deed was well in excess of $35,000 and the property is presently worth about $60,000, that defendants have used and rented the property for which no accounting was made and that the fair rental value was $150 per month. She asked that the property be declared to be plaintiff's, and prayed for the relief above stated, and for other and further equitable relief.

Defendants filed a motion to dismiss under section 45 of the Civil Practice Act (Ill. Rev. Stat. 1937, chap. 110,

par. 169,) on the ground it appeared from the complaint the suit was a collateral attack upon the action of the probate court of Cook County in decreeing the sale of the property. Defendants also filed a motion to dismiss under section 48 of said Civil Practice Act, supported by affidavits asserting (1) another action pending between the same parties for the same cause; (2) that the cause of action was barred by a prior judgment; and (3) the cause of action was barred by the Statute of Limitations. To this latter motion, an answer was filed. On June 21, 1948, the chancellor allowed both motions and dismissed the complaint for want of equity and the plaintiff elected to stand upon her complaint.

The lengthy affidavit filed by one of the attorneys for defendants in support of the motion filed under section 48 of the Civil Practice Act aforesaid sets forth the fact that plaintiff filed objections to the accounts of the conservator and successor conservator; sets forth the subsequent litigation growing out of the same, wherein plaintiff objected to the accounts and to the sale of said property; and lists the objections filed in detail. To this affidavit, a counter-affidavit in opposition to this motion was filed by one of the attorneys for plaintiff.

It becomes necessary to a decision in this cause to comment upon the previous litigation bearing upon this same conservatorship. It will not be necessary, however, to recite in detail the facts appearing in the affidavits and as found by the courts in those cases, reference thereto affording a sufficient background for a determination of this case.

Matters involved in this conservatorship have been before the Appellate Court of the First District. (*Cash* v. *Metropolitan Trust Co.* 329 Ill. App. 561;) before the Appellate Court for the Second District; (*In re Cash*, 313 Ill. App. 281,) and before this court. (*In re Cash*, 383 Ill. 409.) In this latter case, we held the plaintiff was properly "found" in Kane County within the meaning of the statute then in

effect and that the county court of Kane County had jurisdiction to enter the order in accordance with the finding of the commission. Plaintiff there, while then insane as later determined and as previously adjudicated in Florida, contended she was a resident of Cook County and this court there said, at page 415, there was abundant proof that she still was a resident of Texas. Appellant now contends that she has never resided in Cook County since 1937 and was only there a night or two, where she alleges she was confined against her will, before being taken to the sanitarium.

The controlling question to command our attention in this case is whether the sale is valid. If it is a valid sale, the motions were properly allowed and the cause properly dismissed for want of equity. On the other hand, if residence must be alleged and proved as a jurisdictional prerequisite to the validity of the decree, and if such allegation and proof were not made, the sale is void and is subject to either direct or collateral attack.

Prior to the adoption of the Probate Act, approved July 24, 1939, (Laws of 1939, p. 4, *et seq*,) the statute regarding the sale of a ward's real estate in effect at the time of these proceedings provided as follows: "On the petition of the conservator, the county court of the county where the ward resides, or if the ward does not reside in the State, of the county where the real estate or some part of it is situated, may order the sale of the real estate of the ward, * * *." (Ill. Rev. Stat. 1937, chap. 86, par. 23.) Section 24 of said chapter states "The petition shall set forth the facts and circumstances on which the petition is founded, * * *" and section 25 provides notice of such application shall be given by publication as therein provided; also "The ward shall be served with a copy of such notice at least ten days before the day of such application. Such service may be proved in the same manner as the service of a copy of a complaint in other civil cases." Section 27 provides for the time, publishing

notice, and terms of sale. Likewise section 28 specifies the filing of the report of sale, exceptions thereto and hearing thereon and section 29 for the accounting of the proceeds of said sale.

The proceedings to appoint a conservator and to sell the property in the probate court of Cook County were all subsequent to the finding of insanity by the county court of Kane County, on May 23, 1938. An examination of plaintiff's places of residence discloses that since September, 1937, she never was a resident of Cook County, despite her contention to the contrary at the insanity hearing. The indications are she had no official residence after leaving Chicago, where she visited temporarily to arrange a lease of her Flossmoor property in September, 1937, and before her confinement in Elgin, Kane County, other than the State of Texas, where she built a home, moved part of her furniture, voted, and intended to make her home. At other times she was in Freeport, Illinois, Champaign, Illinois, New Orleans, Louisiana, Key West, Florida, and other points of interest, traveling from November 1937, until May of 1938, when she was brought to the Stevens Hotel in Chicago by her sister, Dr. Horner of Albany, New York, and a friend from Indiana. She stayed at the Stevens Hotel one night and at the Parkway Sanitarium a night and a day and then was removed to Rest Haven in Elgin, Kane County.

It seems to us that at the time of the conservatorship proceedings, therefore, she was either a resident of Kane County, if it can be said her involuntary confinement there could give rise to a status of residence, or she was still, legally, a resident of Texas. In either event she was not a resident of Cook County at the time of the conservatorship proceedings and her conservator there could not bring the sale within the purview of the statute then in effect without proper allegation of residence there or of nonresidence in the State. Ill. Rev. Stat. 1937, chap. 86, par. 23.

What effect then has this upon the decree? If the same is void then it is subject to direct or collateral attack. (*People ex rel. Prince* v. *Graber*, 397 Ill. 522.) The failure to allege and prove, under the statute then in effect, that the ward was either a resident of Cook County or that she was a nonresident of this State and that the real estate involved was situated in Cook County, was fatal. It is jurisdictional and is a necessary and imperative element and prerequisite to a sale of a ward's real estate. This has been the rule in this State, under the same or similar statutes, for many years. (*Loyd* v. *Malone*, 23 Ill. 41; *Spellman* v. *Dowse*, 79 Ill. 66.) In the *Spellman case* last cited this court said "A compliance with the statute in this respect is essential to confer jurisdiction. The whole proceeding is statutory, and the requirements of the statute in this respect are jurisdictional. The court can only proceed legally at the place and in the manner prescribed by the statute. Any material deviation from its requirement, as to the court in which the proceeding must be had, is fatal to the jurisdiction of the court. * * * The proceeding is summary, and involves the interests of persons usually of tender years, and incapable of protecting their own interest, and being a proceeding liable to great abuse, the statute has always been construed strictly. But to hold that the court does not acquire jurisdiction, if the suit is not brought in the county designated by the statute, is by no means a strict construction. It is but following the plain and unambiguous requirement of the statute.

"In cases of this character, abuses and wrongs to the minor are easily perpetrated, and especially so where the proceeding is had when he resides in another State, and has no notice of the proceeding. * * *

"This evidence is not referred to as contradicting or overcoming the finding of the decree, but as showing that, had it been heard, the court would have refused to order the sale. But that was had on *ex parte* evidence, the minors

not being represented. It does not always occur that guardians are true to their sacred trust, and, from want of judgment, or for other reasons, they are often induced to take measures to dispose of lands of their wards, without necessity and at great loss. Hence the courts are required to insist upon at least a substantial compliance with the requirements of the law. We have no hesitation in saying that the evidence in this record shows a want of jurisdiction in the court to render the decree, and for this reason the court below erred in approving the sale." We are not deciding appellant's place of residence in this case. That question is not specifically before us now but is a matter for answer and proof in the lower court.

The motion to dismiss under section 45 of the Civil Practice Act was therefore improperly allowed.

Under the motion to dismiss filed pursuant to section 48 of the Civil Practice Act, defendants contend there is another action pending between the same parties for the same cause. With this we do not agree. The other action in the probate court involves other issues and the parties are not the same. That is a matter of accounting between the ward and the former conservator and successor conservator. The probate court has no power to quiet the title to these premises and has no general equity power, but can act only in those cases in which jurisdiction is granted to it by the constitution and by statute. (Const. of 1870, art. VI, sec. 20; Ill. Rev. Stat. 1947, chap. 37, par. 299; *Howard* v. *Swift,* 356 Ill. 80.) Furthermore, the parties are not the same. The defendants here are not parties to the proceedings in the probate court and are not in privity to the same parties in that case; the relief requested is not the same or even similar, and any decision in the prior matters is not *res judicata* here. *Fineman* v. *Goldberg,* 329 Ill. 507, 511.

Lastly, defendants contend by their motion that the cause of action did not accrue within the time limited by

law for the commencement of an action or suit thereon. A void judgment may be vacated at any time and the doctrine of *laches* or estoppel does not apply. (*Thayer* v. *Village of Downers Grove*, 369 Ill. 334.) We think the lower court, therefore, also erred in allowing the motion filed under section 48 of the Civil Practice Act.

The decree is, therefore, reversed and the cause remand, with directions to overrule both motions and to proceed to require defendants to answer the complaint.

*Reversed and remanded, with directions.*