ISRAEL P. ROUNDS, *By His Guardian vs.* BENJAMIN F. E. TEFFT.

MAY 16, 1963.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

POWERS, J. This is a suit in equity seeking cancellation of a deed executed by the complainant at a time when, it is alleged, he was without legal competence to act. The cause was heard on bill, answer and proof by a superior court justice who denied and dismissed the bill of complaint. It purports to be before us on the complainant's bill of exceptions to such decision, to the denial of the complainant's motion for a new trial, and to the denial of his motion to vacate the decision and reopen the cause for further hearing.

We perceive no purpose to be served by a recitation, however meager, of the pertinent facts in the case. Only the travel thereof is essential to a review, since paramount to

the contentions made by the parties is the posture in which they have been presented for our consideration.

It is a well-settled principle that equity speaks by decree and it is by appeal therefrom that the cause comes to this court. *Tabor* v. *Tabor,* 73 R. I. 491. In the proceedings at bar no decree was ever entered and the cause therefore is not properly before us.

After the decision of the trial justice denying and dismissing the bill of complaint, complainant took an exception and within seven days filed two motions. Pursuant to the provisions of G. L. 1956, §9-23-2, he filed a motion for a new trial. To the trial justice's denial thereof complainant also excepted. The provisions of §9-23-2 are as follows:

> "Within seven (7) days after notice of decision on the merits in any action or appeal heard by the superior court without a jury, any person or party entitled to except may file in the office of the clerk of said court a motion for a new trial for newly discovered evidence. After hearing the parties the court may grant a new trial with or without terms."

No case has been called to our attention, nor have we been able to discover any, wherein recourse was had to this statute by parties to a suit in equity. It may be that such absence of authority results from an assumption by the bar that recourse thereto is not available in equity proceedings. If so, in our judgment the assumption is well founded. Since the decision of the trial justice remains open to revision prior to the embodiment thereof in a decree, it would seem clear from the language of the act that the legislature did not intend to confer such jurisdiction on the superior court in equity proceedings.

This leads us to a consideration of complainant's remaining motion, to the denial of which he also excepted, namely, that the trial justice vacate his decision and permit the cause to be reopened for further hearing. In connection with this and the motion for a new trial, complainant filed five affidavits relating to alleged newly-discovered evidence.

Whether there is merit in the complainant's contention that the trial justice erred in denying such motion we do not inquire. Here, as with the complainant's contentions regarding the trial justice's decision denying and dismissing the bill of complaint, review is sought not by way of appeal from a final decree, but by a bill of exceptions; hence, it is not properly before us.

The complainant's exceptions are invalid for the purpose of review which he seeks. They are therefore overruled, and the cause is remanded to the superior court for entry of a decree in accordance with its decision and for further proceedings.

*Carroll & Dwyer, John G. Carroll, A. Earl Shaw, Jr.,* for complainant.

*Harry F. McKanna, Jr., Robert J. Harrop,* for respondent.