273 A.2d 860.

RAYMOND L. LAMARCHE *vs.* VIVIAN L. LAMARCHE.

FEBRUARY 25, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

214

JOSLIN, J. This petition for a writ of certiorari was brought by a divorced wife to review the Family Court's refusal to "strike and expunge" from the record an order suspending her former husband's obligation to make weekly payments for the support of their minor children as ordered by the final decree dissolving their marriage.

It appears from the records which have been certified that the parties were divorced in 1962, and that the final decree, insofar as it affected the children, awarded custody to the wife, granted the husband visitation rights, and required him to pay the wife the sum of $30 each week for their support.

Apparently the husband fully complied with his obligation to support the children until 1967. In that year the wife left this state taking the two children with her. Thereupon, the husband filed in the Family Court a paper designated "Motion" in which he alleged, by his attorney, that his wife, over his protests, had changed her residence to an unknown address in the South thereby depriving him of the visitation rights granted him in the final divorce decree. He requested that his obligation to support the children be suspended, and that notice to the wife of that request be deferred pending ascertainment of her whereabouts. This motion was granted on May 18, 1967, ex

*parte* without a hearing and without the wife receiving any notice thereof until about a month later.

During the next three years the wife received no support payments, and when she sued in the district court to recover the arrearages the suspension order was pleaded as a defense by the husband. The record does not disclose whether that defense prevailed, or whether the suit is still pending. In any event, the wife, claiming that the order constituted an "attempt to amend the final decree herein without a date fixed for a hearing," asked the Family Court in June 1970 to "strike and expunge" the May 18, 1967 suspension order. Her motion was ruled "out of order." While the trial justice gave no reason for so ruling, he apparently believed that the one-year time limit for vacating judgments fixed by G. L. 1956 (1969 Reenactment) §9-21-2,[1] precluded him from setting aside a 1967 suspension order in 1970. The wife, instead of appealing, commenced these certiorari proceedings.

There are threshold procedural problems. While they were not readily perceivable when we first read the wife's petition for certiorari and the husband's answer, they became quite apparent upon close examination of the certified records. The first of those problems arises because the trial justice's bench decision denying the wife's motion to "strike and expunge" was not embodied in a decree.

Ordinarily the absence of a decree would be fatal. This is so because divorce proceedings follow the course of equity; and in equity, which speaks only through decrees, causes come to this court by appeal from the entry of a

---

[1]Section 9-21-2 provides in relevant portion as follows:

"On motion and upon such terms as are just, a court may relieve a party or his legal representative from a final judgment, order, decree, or proceeding entered therein for the following reasons * * * (4) the judgment is void * * *. The motion shall be made within a reasonable time *and not more than one (1) year after the judgment, order, or proceeding was entered or taken.*" (Emphasis supplied).

decree. *Rounds* v. *Tefft*, 96 R. I. 274, 190 A.2d 727; *Tabor* v. *Tabor*, 73 R. I. 491, 496, 57 A.2d 735, 737. If we ignore this deficiency — as we did in *Rogers* v. *Rogers*, 98 R. I. 263, 201 A.2d 140, and *Pukas* v. *Pukas*, 104 R. I. 542, 247 A.2d 427 — and consider that what should have been done had in fact been done and that the trial justice's bench decision constituted a decree, there still remains the question of whether an application for a writ of certiorari is the appropriate method to seek review.

Here the wife could have immediately appealed the suspension order. *Leighton* v. *Leighton*, 48 R. I. 195, 136 A. 443; *Ward* v. *Ward*, 48 R. I. 60, 135 A. 241. Instead she delayed for more than three years and then moved to "strike and expunge" that order from the record. The denial of that motion possessed those attributes of finality which made it an appealable order. *Welden* v. *Grace Line, Inc.*, 404 F.2d 76, 77 (2d Cir. 1968); *Russell* v. *Cunningham*, 279 F.2d 797 (9th Cir. 1960); see *Greenspahn* v. *Joseph E. Seagram & Sons*, 186 F.2d 616 (2d Cir. 1951); 1 Kent, *R. I. Civ. Prac.* §60.10 at 457. Moreover, under our practice an appeal is the customary way by which litigants seek review of an order denying a motion to vacate a judgment. *Bloom* v. *Trudeau*, 107 R. I. 303, 266 A.2d 417; *Shannon* v. *Norman Block, Inc.*, 106 R. I. 124, 256 A.2d 214; *Fields* v. *S. & M. Foods, Inc.*, 105 R. I. 161, 249 A.2d 892; *Pate* v. *Pate*, 97 R. I. 183, 196 A.2d 723; *Milbury Atlantic Mfg. Co.* v. *Rocky Point Amusement Co.*, 44 R. I. 458, 118 A. 737. The availability of that remedy made the writ of certiorari unavailable for its scope, although broad, has never been extended to permit a consideration of alleged errors for the correction of which another vehicle for immediate review is expressly provided. *Cohen* v. *Superior Court*, 39 R. I. 272, 97 A. 794. Certiorari is not a substitute for an appeal and the writ was, therefore, improvidently issued.

Although the case is not properly before us for review, we recognize that the welfare of the minor children of the parties is the heart of this litigation. This cannot be ignored. Were we to quash the writ without some reference, howsoever brief, to the substantive issues, the likelihood of future protracted litigation is substantial, as is also the probability that the children will continue to go without the support which is their entitlement under the final decree. Our concern for the welfare of those children and our desire to minimize the need for any further litigation in this case prompt us to remind the parties of certain well-settled principles of law.

. Substantively the broad general issues in the case are whether the failure to give the wife any notice of and a reasonable opportunity to be heard on the husband's application to suspend the payments ordered by the original decree rendered the suspension order void; and if so, whether that order could either be collaterally attacked or vacated after the expiration of the one-year limitation period prescribed by §9-21-2, n.1, for vacating judgments.

To find the answers we look first to §15-5-16 (1969 Reenactment)[2] which gives the Family Court the authority

---

[2]Section 15-5-16, where pertinent, reads:
"The said court may regulate the custody and provide for the education, maintenance, and support of children of all persons by it divorced or petitioning for a divorce, and of all persons to whom a separate maintenance may be granted or who may petition for the same * * * which allowance shall be so far regarded as a judgment for debt that suits may be brought or executions may issue thereon for amounts due and unpaid, from time to time, to be shown by affidavits of the person entitled to the same and the attorney of record of such person, such executions to run against the goods and chattels of the husband, and for want thereof against his body; and the court may make all necessary orders and decrees concerning the same *and the same at any time may alter, amend, and annul for sufficient cause, after notice to the parties interested therein.*" (Emphasis supplied).

218

to provide for the custody, maintenance and support of the children of all persons divorced by it, as well as the power to alter, amend and annul any decrees providing therefor. The statute does not stop there, however, but goes on to say that the power to modify can be exercised only "for sufficient cause, after notice to the parties interested therein." "Notice" and "sufficient cause" are jurisdictional precedents; and the statute, as well as the decisional law, mandates compliance as a prerequisite to a valid exercise of the court's power to modify a divorce decree. See *Damm* v. *Damm*, 77 R. I. 24, 72 A.2d 839; *Slater* v. *Slater*, 75 R. I. 19, 62 A.2d 897.

Here the modification was made on the husband's *ex parte* application and the wife neither received any notice, nor an opportunity to be heard. Those omissions defeated the Family Court's jurisdiction. Because the wife was denied her day in court, the judgment suspending the weekly support payments was void and a nullity.

More bothersome questions are whether a three-year-old judgment void for want of notice to an interested party may be set aside on a motion to vacate or be collaterally attacked. While those precise questions have not been decided by this court, we have recognized a court's inherent power to annul at any time a judgment which is void because of lack of jurisdiction over the subject matter of the action. *In re College Street*, 11 R. I. 472. Whether we would extend that ruling in the event of either a direct or collateral attack on a judgment void because of want of notice we do not decide.

The petition for certiorari is denied and dismissed; the writ heretofore issued appearing to have been improvidently issued is quashed without prejudice; and the records certified are ordered returned to the Family Court with our decision endorsed thereon.

*Zimmerman, Roszkowski & Brenner, Irving I. Zimmerman,* for plaintiff-respondent.

*Fergus J. McOsker,* for defendant-petitioner.