**348 A.2d 22.**

RAYMOND LAMARCHE *vs.* VIVIAN L. LAMARCHE.

DECEMBER 3, 1975.

PRESENT: Paolino, Joslin and Kelleher, JJ.

KELLEHER, J. This appeal marks the second occasion. we have been asked to resolve a controversy between the litigants. The dispute had its inception with the entry on May 18, 1967, in the Family Court of an ex parte

order suspending the operation of a provision in a final divorce decree that required the husband to pay the wife $30 a week for the support of their two minor children. In *Lamarche* v. *Lamarche*, 108 R. I. 213, 218, 273 A.2d 860, 862 (1971), we ruled that the suspension order, having been entered without any notice of its possible entry being given to the wife, was void and a nullity.

In the first *Lamarche* case, the wife brought certiorari to review the denial by a justice of the Family Court of her motion to "strike or expunge" the suspension order. We denied her petition for certiorari because she could have sought review by taking an appeal. *Id.* at 216, 273 A.2d at 861. In denying the petition for certiorari, we acknowledged a court's inherent power to vacate at any time a judgment that is void for a lack of jurisdiction of the subject matter but put off to another day whether we would extend this principle to instances where a direct or collateral attack is being made on a judgment that is void because of a want of notice. *Id.* at 218, 273 A.2d at 862.

The husband has returned to us seeking an answer to the unresolved question.

Two years after the 1971 remand of the case to the Family Court, the wife filed a petition in which she alleged that there was $5,100 support due and owing her and she asked that the court issue an execution in that amount which would run against the husband's body or property. When the case came on for hearing in November 1973, it was disclosed that earlier on February 12, 1970, an order had been entered in the Family Court pursuant to the provisions of the reciprocal enforcement of a support act, G. L. 1956 (1969 Reenactment) chapter 11 of title 15. The support petition had been filed by the wife in the Superior Court for Chatham County, Georgia. The requisite documents were forwarded to Rhode Island and included a decree which was entered in the Family

474

Court directing the husband to pay the wife $10 a week for the support of their two children. At the 1973 hearing, the litigants agreed that the husband was to receive a credit for the reciprocal support payments he had made. Consequently, a decree was entered which found that as a result of his failure to pay the requisite $30 payments, the husband owed the wife $3,240. In his appeal the husband contends that the trial justice erred because he failed to apply the doctrine of laches when he considered the wife's petition.[1]

Two essential elements of a valid judgment are that the court have jurisdiction of the subject matter and of the parties whose rights are to be adjudicated. A valid judgment cannot be entered against an individual who has not received any notice which would have afforded an opportunity for the concerned individual to show cause against its entry. The Family Court had no jurisdiction over the wife when it entered the suspension order and as a consequence the order is void.

The universal rule holds that: "A judgment void upon its face and requiring only an inspection of the record to demonstrate its invalidity is a mere nullity, in legal effect no judgment at all, conferring no right and affording no justification. Nothing can be acquired or lost by it; it neither bestows nor extinguishes any right, and may be successfully assailed whenever it is offered as the foundation for the assertion of any claim or title. * * * Such a judgment has been characterized as a dead limb upon the judicial tree, which may be chopped off at any time, capa-

---

[1] The trial justice in making a finding of an arrearage of $3,240 remarked that since the wife's petition contained no prayer to adjudge the husband in contempt, he would consider the petition solely as one seeking a declaratory judgment as to the amount due and nothing more. In taking this position, it is obvious that the trial justice overlooked the prayer for the issuance of an execution.

ble of bearing no fruit to plaintiff but constituting a constant menace to defendant." 1 Freeman, *Judgments* §322 at 643-44, 645 (5th ed. 1925).

Time is inconsequential when considering a void judgment. A void judgment may be expunged at any time. *Cash* v. *Maloney*, 402 Ill. 528, 536, 84 N.E.2d 390, 394 (1949). Laches cannot run against a void judgment which is nothing more than a mere piece of paper—a cloud on the record. It is the duty of the court to remove the cloud on its own motion whenever it is brought to its attention. It matters not how, or in what way, or at what time the objection to its presence is brought to the court's attention. Since it is void, it has no efficacy at any time. *Wells* v. *Valley Nat'l Bank*, 109 Ariz. 345, 509 P.2d 615 (1973); *People ex rel. Adamowski* v. *Dougherty*, 19 Ill.2d 393, 167 N.E.2d 181 (1960); *Clough* v. *Newton*, 160 Me. 301, 203 A.2d 690 (1964); *Fooks' Ex'rs* v. *Gingher*, 172 Md. 612, 192 A. 782 (1937); *Gloucester City Trust Co.* v. *Goodfellow*, 121 N.J.L. 546, 3 A.2d 561 (Sup. Ct. 1939); *In re Galli's Estate*, 340 Pa. 561, 17 A.2d 899 (1941); *see also Pollins* v. *McGovern*, 110 R. I. 186, 291 A.2d 418 (1972).

The trial justice's award was correct. In conclusion we note that ordinarily we would follow the route in the *Pollins'* case and use our inherent power to annul the May 1967 suspension order. However, an examination of the Family Court file furnished us shows no indication of the presence of the suspension order. Whether the order's absence is evidence that it has already been expunged is something about which we will not speculate.

The husband's appeal is denied and dismissed and the cause is remanded to the Family Court.

Mr. Chief Justice Roberts and Mr. Justice Doris did not participate.

*William G. Savastano,* for plaintiff-appellant.

*Fergus J. McOsker,* for defendant-appellee.