### MATYE GOLDSTEIN, PLAINTIFF, v. HARRY E. WEIR, DEFENDANT.

Submitted October 3, 1939—Decided April 2, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the plaintiff, Matye Goldstein, *William S. Darnell* and *Anthony J. Cafiero* (*Jonathan W. Acton,* of counsel).

For the defendant, Harry Weir, *Waddington & Mathews* (*Frank A. Mathews, Jr.,* of counsel).

The opinion of the court was delivered by

TRENCHARD, J. In the brief of the so-called petitioner we find this statement: "This matter is now before this court on petition and rule to show cause why the execution and levy made in this cause should not be vacated and set aside, or postponed, and the funds to be made, applied to the satisfaction of the junior execution of Mae A. Kirby, petitioner herein."

Now our examination of the state of the case discloses that the proceeding purports to be based upon a petition which is not in the state of the case, has never been served upon the defendant, and the contents of which are legally unknown to the defendant, his counsel, and to the court.

There does appear in the state of the case what purports to be an amended rule to show cause, and that recites that the original rule to show cause "may have been, or was, in view of the provisions of *R. S.* 2:27-156, improvidently entered."

It does appear, and is in fact admitted, that the original rule to show cause was void for the reason stated, and perhaps for other reasons; and in passing we remark that we believe a new rule should have been procured, rather than such an amendment thereof as was here attempted.

While the *ex parte* affidavits of a party may be the foundation of a rule to show cause, yet they are not competent for the purpose of proving facts necessary to sustain the rule. In all cases where the testimony of a party can be received for such purposes it must be by depositions upon notice. *Cooper* v. *Galbraith,* 24 *N. J. L.* 219.

Now the only proofs submitted in support of the rule are *ex parte* affidavits, and as we have pointed out it is fundamental that they cannot be used in support of the rule upon the hearing in this court, as they may possibly be in the Court of Chancery. *Peer* v. *Bloxham,* 82 *N. J. L.* 288; *Baldwin* v. *Flagg,* 43 *Id.* 495; *Adams Express Co.* v. *Klein,* 61 *Id.* 530. The amended rule to show cause provides in part that either party have leave to take depositions upon notice. But no such depositions were ever taken, and to attempt to proceed on *ex parte* affidavits only, would not only be in violation of the established practice of this court but would deprive parties of the opportunity of cross-examination.

The result is that there was no proof or evidence before this court which could be properly used in a determination of this controversy upon its merits, and the rule and proceedings in question must be dismissed, but without costs; and such will be the order.