341 A.2d 30.

RUSSELL N. ANDREWS *vs.* JOSEPH H. MASSE *et al.*

JULY 9, 1975.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. This civil action was brought in the Superior Court to recover damages for injuries allegedly sustained by the plaintiff at about 4 a.m. on July 4, 1968, when the taxicab he was driving on Pine Street in Providence was struck by a vehicle owned and operated, respectively, by the corporate and individual defendants. The case was tried to a jury in May 1974 and resulted in verdicts for the plaintiff of $65,000. It is now here on the defendants' appeal.

The defendants do not contest their liability, but assign errors that may, if their contentions are correct, entitle them to a new trial on the question of damages only. One of the errors asserted is the admission of an affidavit of Dr. Walter C. Cotter, a well-known and highly regarded neurosurgeon, who was plaintiff's attending physician.

Although Dr. Cotter had testified at an earlier hearing which resulted in a mistrial, he was unavailable to testify at the trial that is the subject of this appeal. For that reason, and with defendants' consent, his earlier testimony was read to the jury. For reasons not here material, that testimony did not include an opinion on whether plaintiff's injury was permanent, and in an attempt to establish that fact plaintiff offered the contested affidavit, which the trial justice admitted into evidence. That affidavit was dated several days after the trial began and expressed Dr. Cotter's unqualified opinions that plaintiff had a ruptured or herniated disc and that such an injury is "permanent" irrespective of whether surgery is performed.[1]

The defendants' principal objections to the admission of that affidavit are that the common-law rules of evidence require its exclusion, that the statutory exception to those rules established by G. L. 1956 (1969 Reenactment) §9-

---

[1]Doctor Cotter's affidavit reads as follows:

"Medical Affidavit

"1. It is a matter of medical fact that a ruptured or herniated disc is a permanent injury, whether or not surgery is performed.

"2. Based on my knowledge of the facts and history of the injury to and condition of Mr. Russell N. Andrews of Foster, Rhode Island, it has been and is my diagnosis that he has received and suffers from a ruptured or herniated disc received in an automobile collision in July of 1968, which injury is permanent in nature.

"3. The foregoing statements are supported by the findings made by me at my most recent examination of Mr. Andrews held on May 7, 1974, as well as my own medical knowledge of the nature of the Plaintiff's injury.

"s/ Walter C. Cotter

Walter C. Cotter, M.D.
339 Angell Street
Providence, Rhode Island"

19-27 as amended by P. L. 1971, ch. 131, §1,[2] ought not to apply retroactively in this case, which arose in 1968, and, finally, that a construction of §9-19-27 permitting the admission of that out-of-court statement would effectively violate their constitutional right to be confronted by adverse witnesses.

Certainly, one cannot question the soundness of defendants' position that it is generally unsatisfactory to admit evidence by affidavit. This is true, not only for the reasons they give, but also because to do so denies the factfinder an opportunity to observe the demeanor of witnesses, permits evidence to be presented in a document which ofttimes has been prepared by a person other than the affiant, and cuts off the right to cross-examine, which in this case could have included inquiry on such questions as whether the affidavit merely meant that a herniated or ruptured disc would always leave evidence of scarring or instead intended to convey the opinion that one sustaining that injury, irrespective of how treated, would thereafter suffer permanent impairment of earning power or

---

[2]General Laws 1956 (1969 Reenactment) §9-19-27, as amended by P. L. 1971, ch. 131, §1, provides in pertinent part:

"In an action of tort for personal injuries, or for consequent damages arising therefrom, an itemized bill and reports * * * relating to medical * * * services, prescriptions * * * rendered to or prescribed for a person injured and/or any report of any examination of said injured person * * * subscribed and sworn to under the penalties of perjury, by the physician * * * rendering such services or by the pharmacist * * * shall be admissible as evidence of the fair and reasonable charge for such services, and/or the necessity of such services or treatment; the diagnosis of said physician * * *; the prognosis of such physician * * *; the opinion of such physician * * * as to proximate cause of the condition so diagnosed; the opinion of such physician * * *as to disability or incapacity, if any proximately resulting from the condition so diagnosed * * *."

undergo lasting pain and suffering.[3] 5 Wigmore, *Evidence* §1384 at 76-78 (3d ed. 1940); 6 Wigmore, *supra* §1709 at 39-40. It is primarily for these reasons that the courts usually reject this kind of evidence. *See Reid* v. *Overland Machined Prods.*, 55 Cal.2d 203, 209, 359 P.2d 251, 254, 10 Cal. Rptr. 819, 822 (1961); *Henry Cowell Lime & Cement Co.* v. *Industrial Accident Comm'n*, 211 Cal. 154, 158, 294 P. 703, 704 (1930); *Gay* v. *Peoples Hardware Co.*, 221 A.2d 923, 925 (D.C. App. 1966); *Goldstein* v. *Weir*, 124 N. J. L. 327, 12 A.2d 126 (1940).

Notwithstanding the common-law exclusionary rule, plaintiff argues that the affidavit in this case qualified for admission as a "report" under §9-19-27, as amended.[4] But even if we assume that it would so qualify, it would still be inadmissible in this case because of plaintiff's failure to comply with the proviso of that act.[5] That proviso establishes as a precondition to the admission of any evidence under §9-19-27 that the offering party first give written notice to his opponent, at least 10 days prior to

___

[3]It is generally held that a "permanent injury" is one that will continue throughout life and be accompanied by a permanent impairment of earning capacity or lasting irremediable pain. *Sedlock* v. *Trosper,* 307 Ky. 369, 373, 211 S.W.2d 147, 149 (1948); *Yates* v. *Bradley,* 396 S.W.2d 735, 738 (Mo. App. 1965); *Messer* v. *Beighley,* 409 Pa. 551, 187 A.2d 168 (1963). In *Morris* v. *Rogers,* 80 N. M. 389, 392-93, 456 P.2d 863, 866 (1969), the court, after reviewing several medical texts, makes clear that under the tests laid down in the cases cited therein it cannot be said to be an indisputable fact, and therefore is not entitled to be judicially noted, that one surgically treated for a spinal injury necessarily suffers from a "permanent injury."

[4]*See* note 2, *supra.*

[5]The pertinent proviso of §9-19-27 states:
"* * * that written notice of the intention to offer such bill or report as such evidence, together with a copy thereof, has been given to the opposing party or parties, or to his or their attorneys, by mailing the same by certified mail, return receipt requested, not less than ten (10) days before the trial * * *."

the commencement of trial, of his intention to introduce that evidence, together with a copy thereof. The plaintiff here, however, delayed informing defendants of Dr. Cotter's affidavit until after the trial had commenced, and that failure to comply with the proviso's notice requirement rendered the doctor's affidavit, even if acceptable in all other respects, inadmissible. True, plaintiff as well as the trial justice may have exerted extraordinary efforts to obtain Dr. Cotter's attendance at the trial, but nothing in the statute makes the exertion of "extraordinary efforts" an excuse for noncompliance with its express precondition.

Although plaintiff concedes that the only record evidence that his back injury was permanent is found in the subject affidavit, he argues nonetheless that even if it was error to admit that affidavit defendants were in no way prejudiced by its admission. This is so, he continues, because the trial justice properly took judicial notice, without objection by defendants, of the permanence of his disc injury. That argument is specious. Though the trial justice may have expressed his willingness — properly or not[6] — to take judicial notice of the injury's permanent character, he did so only in the jury's absence, and at no time thereafter did he instruct the jury to consider, as conclusively established or otherwise, the fact he had judicially noticed.[7] Without such an instruction the record is

---

[6]Whether the plaintiff's injury was properly noticed as "permanent" — were that question before us — would depend upon the sense in which that term was used by the trial justice. *See* note 3 and accompanying text, *supra*.

[7]We do not undertake at this time to resolve the Morgan-Wigmore controversy over whether or not a fact judicially noticed is indisputable, must be accepted as conclusive, and cannot thereafter be supported by corroborative or rebutted by contradictory evidence. *See* McCormick, *Evidence* §332 at 769-70 (2d ed. 1972). Irrespective of that dispute, it seems logical to us to require that a trial judge, whenever he thinks it appropriate to take judicial notice of a certain scientific fact and ac-

barren of evidence, beyond the inadmissible affidavit, that plaintiff suffered a permanent injury. In our opinion, the probability that the jury's award rested, at least in part, on this legally incompetent evidence is too high to warrant plaintiff's conclusions that the erroneous admission was harmless and that a new trial on the issue of damages is unnecessary. Instead, it seems to us that the amount of the award was necessarily influenced by the jury's improperly supported belief that the injury was permanent. That kind of award is speculative and conjectural, and cannot be allowed to stand. *Fusaro* v. *Naccarato*, 103 R. I. 324, 325, 237 A.2d 545, 546 (1968); *Jackson* v. *Choquette & Co.*, 78 R. I. 164, 169-70, 80 A.2d 172, 175 (1951).

Because our resolution of the issue of the admission of Dr. Cotter's affidavit is dispositive, we need not and do not decide the other assignments of error urged by the defendants, none of them being issues that will necessarily arise at the new trial.

The defendants' appeal is sustained in part and denied in part, the judgment appealed from is sustained in part and reversed in part, and the case is remanded to the

---

cordingly intends that a jury properly consider it, at least communicate that fact and those intentions to the jury. That we ought to require that practice in this case is further suggested, in part, by the procedures set forth in Rule 201(g) of the Federal Rules of Evidence, which provides:

"(g) Instructing jury.—In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed",

and in the American Law Institute's *Model Code of Evidence* (1942) Rule 805(b), which provides:

"If a matter judicially noticed would, in the absence of such notice, be determined by the trier of fact, the judge * * * (b) if not the trier of fact, shall direct the trier to find the matter as so noticed."

Superior Court for a new trial on the question of damages only.

Roberts, C. J. did not participate.

*J. Joseph Nugent, Jr.,* for plaintiff.

*Bruce G. Tucker,* for defendants.