Keri Ellen FLYNN

v.

Nicholas AL–AMIR.

No. 2000–494–Appeal.

Supreme Court of Rhode Island.

Dec. 16, 2002.

KeriEllen Lohrman, for Plaintiff.

Edward R. McCormick, III, Providence, for Defendant.

Present; WILLIAMS, C.J., LEDERBERG, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This appeal questions whether service of process by certified mail was adequate to support a default judgment for divorce. The defendant, Nicholas Al–Amir, appeals from an order denying his motion to vacate the judgment pursuant to Rule 60(b)(4) of the Family Court Rules of Procedure for Domestic Relations. He contends that the 1990 final judgment of divorce from his alleged common-law wife, the plaintiff Keri Ellen Flynn, was void because he never received proper service of process. The defendant also argues that the motion justice erred in refusing to consider his sworn affidavit when ruling on his motion to vacate. A single justice of this Court ordered the parties to show cause why the appeal should not be summarily decided.[1] Because they have not done so, we proceed to resolve the appeal at this time.

Given the uncontradicted evidence that in 1990 defendant was residing in Massachusetts with his mother when she accepted service of process for him via certified mail in this divorce action, and given the uncontradicted evidence that defendant possessed actual knowledge of the divorce action soon after his mother accepted service on his behalf, we affirm and deny the appeal.

### Facts and Travel

In November 1989, plaintiff filed a complaint for divorce. Apparently, plaintiff asserted that she and defendant had entered into a common-law marriage.[2] In

---

1. The plaintiff, Keri Ellen Flynn, failed to file a timely prebriefing statement with this Court. Accordingly, by order dated May 21, 2001, we defaulted her and thereby barred her from doing so.

2. The defendant failed to submit a transcript of the underlying divorce proceeding, nor did he present us with any pleadings, orders, or other documents from that case.

accordance with Rule 4(e) of the Family Court Rules of Procedure for Domestic Relations, plaintiff arranged for service of process by mailing the summons and complaint to defendant's last-known "address" by certified mail. Under Rule 4(e)(1), persons living outside of Rhode Island can be served with process by registered or certified mail, return receipt requested. The plaintiff believed that defendant's last-known address was 132 Peterson Street, North Attleboro, Massachusetts. In January, 1990, defendant's mother received the certified mailing of the summons and complaint at that address and signed for it on behalf of her son. When plaintiff filed her divorce complaint, she knew that defendant had married a woman in California. Nevertheless, she still believed that defendant was living at his mother's Massachusetts address when she caused the summons and complaint to be mailed to him there. She based her belief on the fact that defendant called and visited with her in Rhode Island during that period.

The defendant did not answer the divorce complaint and did not appear at the Family Court proceedings in April 1990. After entering an interlocutory decision granting the divorce, the court ultimately entered final judgment on July 26, 1990. The divorce decree awarded plaintiff child support for the minor child of the marriage. Thereafter defendant made some child support payments as provided for in the decree, but nevertheless he was many thousands of dollars in arrears when, almost ten years after the divorce judgment entered, he attempted to vacate it.

Thus, on May 7, 2000, defendant filed a motion in the Family Court to vacate the judgment pursuant to Rule 60(b)(4). With the motion, defendant submitted affidavits from himself and his mother. In defendant's affidavit, he attacked the factual grounds for his purported common-law marriage to plaintiff, asserting that in 1990 he merely had rented an apartment to her in Cumberland and that he had dated her only casually.

The Family Court held a hearing on defendant's motion to vacate at which defendant's counsel asserted that the final judgment of divorce was void for lack of personal and subject matter jurisdiction, because defendant, an out-of-state resident, had not been properly served with the summons and complaint. He argued that service of process by certified mail on his mother was not proper. The defendant's counsel also attempted to introduce into evidence certain affidavits from defendant and his mother in support of the motion to vacate the judgment of divorce. The plaintiff objected because she wanted the opportunity to cross-examine these witnesses, yet neither defendant nor his mother was physically present for the hearing. The defendant's counsel asserted that, in order to support his motion to vacate the judgment, it was essential for the court to allow him to introduce the affidavits into evidence. But the court refused to do so; instead, it sustained plaintiff's objection and excluded the affidavits from its consideration on the ground that the affidavits were hearsay and that plaintiff would not have an opportunity for cross-examination if it allowed the affidavits into evidence. The plaintiff, however, testified at the hearing that in 1990 defendant admitted to her that he had received the divorce papers in this case and that, thereafter, he had asked her to drop her complaint. She testified that defendant told her that "he would take care of both myself and the child very well, and that I didn't have to go ahead and go to court * * *."

Issuing a written decision, the court denied defendant's motion to vacate. The motion justice found that defendant pos-

sessed the necessary contacts with the state for the Family Court to exercise personal jurisdiction over him—noting, as an example, defendant's collection of rents from apartments he owned in the state. He also ruled that defendant failed to prove that the final judgment of divorce was void because the service of process was invalid. Referring to the 1990 affidavit of plaintiff's attorney that plaintiff had filed in support of entering the judgment— stating that he had accomplished service of process by certified mail with a return receipt requested—the motion justice ruled that defendant had not established the inapplicability of the one-year limitation on filing motions to vacate judgments under Rule 60(b).

## Analysis

On appeal, defendant argues that a void judgment can be vacated at any time. He states that the rules for service of process must be strictly construed. Because he was not served with a copy of the summons and complaint, he argues, the Family Court lacked personal and subject matter jurisdiction, and the divorce judgment was void. He also suggests that the hearing justice erred in refusing to consider the affidavits that he submitted in support of his motion to vacate the judgment. He maintains that it was error to allow plaintiff in the course of her testimony to rely on defendant's statements without allowing defendant to submit his own affidavits. Also, defendant insists that his affidavit should have been admitted under the "catch-all" exception of Rule 803(24) of the Rhode Island Rules of Evidence.

"The denial of a motion to vacate or modify a judgment is within the sound discretion of the trial justice and will not be reversed on appeal absent a showing of abuse of discretion or other error of law." *Webster v. Perrotta*, 774 A.2d 68, 75 (R.I. 2001). A motion to vacate under Rule 60(b) must be made within a reasonable time and not more than one year after the judgment "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence * * *; [and] (3) fraud * * *." The other grounds specified in the rule—"(4) the judgment is void; (5) the judgment has been satisfied, released, or discharged * * *; or (6) any other reason justifying relief from the operation of the judgment," *id.*—are not subject to the rule's one-year filing deadline. An independent action to vacate a judgment, moreover, may be filed more than one year after entry of judgment. *Allstate Insurance Co. v. Lombardi*, 773 A.2d 864, 869 (R.I.2001). The defendant's filing in this case was clearly marked "Motion to Vacate" and he submitted it on the grounds specified in Rule 60(b)(4) ("the judgment is void"). A motion to vacate an allegedly void judgment is not subject to the one-year period set forth in Rule 60(b).[3] *See May v. Penn T.V. & Furniture Co.*, 686 A.2d 95, 99 (R.I.1996); *Leonard v. Mattos*, 509 A.2d 992, 994 (R.I.1986); *Reynaud v. Koszela*, 473 A.2d 281, 285 (R.I.1984); *Lamarche v. Lamarche*, 115 R.I. 472, 475, 348 A.2d 22, 23 (1975). In *Lamarche* and its progeny, the key issue was whether service of process or notice of the summons and complaint was adequate to support the judgment. The issue for contention in this

---

**3.** "Time is inconsequential when considering a void judgment. A void judgment may be expunged at any time. * * * It is the duty of the court to remove the cloud on its own motion whenever it is brought to its attention. It matters not how, or in what way, or at what time the objection to its presence is brought to the court's attention. Since it is void, it has no efficacy at any time." *Lamarche v. Lamarche*, 115 R.I. 472, 475, 348 A.2d 22, 23 (1975).

case also focuses on whether plaintiff properly accomplished service of process. Therefore, the one-year time limit of Rule 60(b) did not bar defendant's motion to vacate, and the court did not err in refusing to treat the motion as time barred.

■ Service of process in this action occurred in 1990 via certified mail to a Massachusetts address where plaintiff believed that defendant was residing with his mother. Rule 4(e)(1) states that when an individual is subject to the jurisdiction of Rhode Island courts, service of process may be made on an individual outside of Rhode Island either by personal service or "by mailing a copy of the summons and complaint to the individual by registered or certified mail, return receipt requested * * *." At a minimum, due process requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[4] *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950). "Service by registered or certified mail should be regarded as equally efficacious [as personal service] from a constitutional perspective to invoke personal jurisdiction since the return receipt normally guarantees that the defendant *or someone related or associated with him* has received the process, although it is obviously not constitutionally required." 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure:* Civil 3d § 1074 at 359–60 (2002). (Emphasis added.) When personal service is not practical, service by registered mail is a faster and less expensive alternative. *See Miser-*

*andino v. Resort Properties, Inc.*, 345 Md. 43, 691 A.2d 208, 215 (1997).

In this case, plaintiff executed an affidavit and testified that, even though defendant's exact personal whereabouts in 1990 was unknown to her, she believed he was residing in Massachusetts with his mother. Thereafter, she accomplished service of process by causing certified mail addressed to defendant to be delivered to this last known address, where defendant's mother received the summons and complaint for defendant and signed a receipt for the same that so indicated.

In *Action Industries, Inc. v. Wiedeman*, 236 Pa.Super. 447, 346 A.2d 798, 804 (1975), the court ruled that service of process by certified mail was proper when the plaintiff caused it to be mailed to the defendant's last known address and his wife signed the receipt. This holding is consonant with a party's ability in civil actions to serve another party personally by leaving the summons and complaint with a member of the party's family. *Plushner v. Mills*, 429 A.2d 444, 445–46 (R.I.1981) (because the defendant's daughter was a trusted member of his family, personal service of the summons and complaint for the defendant father on his daughter at the father's residence was held proper even though she did not then reside with her father). Although legislative enactments concerning service of process should be strictly construed "since jurisdiction of the court over the person of the defendant is dependent upon proper service having been made," *Barthlein v. Ellis*, 112 R.I. 646, 648, 314 A.2d 426, 427 (1974), in situations such as this one in which the defen-

---

4. "[A] failure to provide the defendant with proper notice of the action and an opportunity to be heard will subject a judgment to collateral attack. The decisions of the [United States] Supreme Court make it clear that the requirement of reasonable notice must be regarded as part of the constitutional due process limitations on the jurisdiction of a state or federal court." 4A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure:* Civil 3d § 1074 at 357–58 (2002).

dant has received actual notice of the suit, this Court has interpreted such service-of-process rules broadly—especially when the method of service is not inconsistent with the rules. *Plushner*, 429 A.2d at 446. Although knowledge of a pending suit alone is insufficient for a court to acquire jurisdiction over that person as a party to the lawsuit, *see Nisenzon v. Sadowski*, 689 A.2d 1037, 1049 (R.I.1997) (citing 62B Am. Jur.2d *Process* § 5 (1990)):

> "It should be noted that in the case of service outside the state, substituted service by registered or certified mail is permitted as an alternative to in-hand service in all actions, including matrimonial disputes. This differs from subdivision (d)(1) which * * *, requires that ordinarily service within Rhode Island be in-hand service in such actions. The problems that are of concern in the use of substituted service in a divorce or separation action where both parties reside in Rhode Island will not ordinarily exist where the defendant resides outside the state." Rule 4, Reporter's Notes.

██ In this case, the evidence indicated that defendant not only received actual notice of the suit, but also that he had received the divorce papers that she caused to be served on him by certified mail. The plaintiff testified that defendant even acknowledged as much to her. In any event, he was at least aware of the lawsuit within a relatively brief period after his mother had accepted service of the summons and complaint on his behalf. The plaintiff also stated that after the New Year in 1990 defendant called and came over to her house and that during a later subsequent visit his mother came over to the house to tell him to leave. The specific terms of Rule 4(e)(1) do not state that defendant must personally receive the papers or sign the receipt for the registered

mailing to be valid. Rule 4(e)(1) simply states that process may be served by certified mail upon a defendant with a return receipt requested. We hold that, when, as here, a close relation of the named party defendant has accepted service of process on his or her behalf at the defendant's last known address, and when the evidence shows that defendant also possessed actual knowledge of the suit within a short period thereafter, plaintiff has complied with the service requirements of the rule. Here, plaintiff accomplished service of process via registered mail to defendant's last known address, where a close family member of defendant signed the return receipt and accepted the court papers on his behalf. Shortly thereafter, defendant also admitted to plaintiff that he had received these papers. Thus, service of process in this manner was proper.

 The defendant also takes issue with the fact that the court refused to consider the substance of his affidavit at the hearing on the motion to vacate. "[T]he admission of evidence rests in the sound discretion of the trial justice and will not be disturbed absent a showing of an abuse of that discretion." *Tinney v. Tinney*, 770 A.2d 420, 434 (R.I.2001) (quoting *Graff v. Motta*, 748 A.2d 249, 252 (R.I. 2000) and *New Hampshire Insurance Co. v. Rouselle*, 732 A.2d 111, 113 (R.I.1999) (per curiam)). In *Andrews v. Masse*, 115 R.I. 104, 106–07, 341 A.2d 30, 31 (1975), this Court noted the basis for the common law exclusionary rule barring the admission of affidavits into evidence, observing that evidence offered in affidavit form "denies the factfinder an opportunity to observe the demeanor of witnesses, permits evidence to be presented in a document which ofttimes has been prepared by a person other than the affiant, and cuts off the right to cross-examine." *Id.* at 107, 341 A.2d at 31. Thus, for example, in

*David–Hodosh Co. v. Santopadre*, 112 R.I. 567, 570–71, 313 A.2d 378, 380 (1974), the trial justice excluded an affidavit on the basis that it was hearsay. This Court stated that the trial justice's rejection of the defendant's affidavit as "hearsay" was in effect "a diplomatic way" of rejecting the credibility of the defendants. *Id.* Rule 801(d)(2) of the Rhode Island Rules of Evidence specifies that a statement is not hearsay if it is a party-opponent's own statement and it is offered against the party-opponent. Also, a previous statement of a testifying witness is not hearsay under certain conditions. Rule 801, Advisory Committee's Notes. The defendant's affidavit, however, was not offered by a party-opponent or by a testifying witness but by defendant's counsel, and defendant himself was not available to testify in person or to be cross-examined.

The defendant's affidavit states, "If called upon, I would be competent to testify as to the matters contained herein." This representation also appears in his mother's affidavit. These statements implied that the defendant would make himself and his mother available to testify at the hearing on the motion to vacate if the court or the plaintiff called upon him to do so. By rejecting the affidavits as hearsay, the court effectively called upon both the defendant and his mother to testify in person if he wished to present his version of the relevant events. But he failed to do so. We conclude that, given the unavaila-

bility of the defendant or his mother for cross-examination, the motion justice did not abuse his discretion in excluding the affidavits from evidence under Rule 803(24)[5] because the proponent of the affidavits failed to satisfy the prerequisites for admitting such statements, including failing to provide adequate notice to the plaintiff in advance of the hearing of his intention to rely on Rule 803(24) as a basis to offer such affidavits into evidence at the hearing. As was the case in *Santopadre*, the motion justice was entitled to reject the trustworthiness of the defendant's affidavit in light of the fact that the defendant did not appear at the hearing and subject himself to cross-examination, as his affidavit suggested he would do if the court so required.

Therefore, the motion justice did not err in denying the defendant's motion to vacate. We deny the defendant's appeal and affirm the order of the Family Court.

---

**5.** Rule 803(24) of the Rhode Island Rules of Evidence provides as follows:

 "A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his or her intention to offer the statement and the particulars of it, including the name and address of the declarant."