**Supreme Court**

No. 2015-50-Appeal.
(K 04-664)

Rosemarie L. Lavallee        :

v.        :

Daniel P. Lavallee.        :

**O R D E R**

This case came before the Supreme Court on February 24, 2016, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. We conclude that cause has not been shown and that the appeal may be decided at this time. For the reasons set forth herein, we affirm the order of the Family Court.

Rosemarie Lavallee, a self-represented plaintiff, appeals from a Family Court order that denied and dismissed a motion that she filed under Rule 60 of the Family Court Rules of Procedure for Domestic Relations. She disputes a decision by the Family Court that granted the defendant, Daniel P. Lavallee, responsibility for coordinating the medical care for their son and provided that their children not be required to attend family counseling. The trial justice's decision was based, in part, on a court-ordered report by the Department of Children, Youth and their Families (DCYF) and the testimony of the caseworker who authored the report.[1] The Family Court's order entered on June 13, 2011.

---

[1] A transcript of this hearing was not provided.

- 1 -

On April 26, 2013, two years after the DCYF report was completed, and almost two years after it was submitted into evidence and relied on by the court to determine placement and control over medical decision-making, plaintiff filed a motion pursuant to Rule 60 entitled, "Fraud against the Court." She alleged that the DCYF report was "corrupt" and requested that multiple court orders be vacated. Specifically, plaintiff challenged the caseworker's qualifications to make recommendations about counseling for her children and control by defendant over medical decisions for them. Beyond challenging the integrity of the report, she suggested that defendant's attorney fraudulently colluded with DCYF. That motion was heard by a justice of the Family Court on May 1, 2013.

Although she did not specify which orders she wished to be vacated in her Rule 60 motion, she did tell the Family Court that her objective was to regain placement of her children. She asserted that her son's condition was deteriorating and that, although DCYF had medical records to substantiate his condition, DCYF was "looking for the dirt on me. I didn't do anything. I had – there [was] absolutely no evidence. They went after me to destroy my life. I lost my home because of this man * * *." The plaintiff argued that both children needed therapy, defendant refused to provide it, and their son needed medication.

In response, defendant argued that plaintiff's motion was time-barred. He argued that plaintiff's allegations of fraud occurred in March 2011 and that the one-year limit provided under Rule 60(b) expired before she filed her motion. Second, defendant argued that plaintiff had previously filed two motions on these same issues that were heard on September 7, 2011, and July 31, 2012, and denied.[2]

The trial justice denied plaintiff's Rule 60 motion on the basis that "there [was] not a scintilla of evidence of any fraud." He noted that plaintiff alleged the fraud had occurred in

[2] Transcripts of these hearings were not provided.

March 2011, yet nothing was mentioned during an extensive hearing on May 27, 2011, when the court admitted evidence from DCYF representatives. He recounted that plaintiff was heard twice after that, on September 7, 2011, and July 31, 2012, and that she never raised the issue of fraud on those occasions either. He concluded that "[t]his [was] just another attempt to change the placement back to the mother." He found that there was no change in circumstances that would justify a change in placement and, other than mere allegations, there was no evidence of fraud. The trial justice denied plaintiff's motion both because there was no evidence to suggest any fraud and because plaintiff's motion was untimely.

This Court will not disturb a trial justice's ruling on a motion to vacate "absent a showing of abuse of discretion or other error of law." Tworog v. Tworog, 45 A.3d 1194, 1198 (R.I. 2012) (quoting Flynn v. Al-Amir, 811 A.2d 1146, 1150 (R.I. 2002)). Rule 60(b) permits relief from a final judgment on a number of grounds, including fraud. Rule 60(b) says that "the court may relieve a party * * * from a final judgment, order, or proceeding for the following reasons: * * * (3) [f]raud, misrepresentation, or other misconduct of an adverse party[.]" However, Rule 60 also includes an important proviso that a motion to vacate a judgment based on fraud "shall be made within a reasonable time * * * not more than one year after the judgment, order, or proceeding was entered or taken." The record is clear that plaintiff did not meet the one-year deadline because plaintiff did not file her Rule 60(b) motion to vacate until April 26, 2013— nearly two years after the family court's order entered. Therefore, the trial justice did not err when he denied the motion because it was untimely.

Moreover, we agree with the trial justice that the record does not reveal "a scintilla of evidence to suggest that any fraud was perpetrated upon [the] court." The trial justice provided the plaintiff with a full opportunity to argue her Rule 60 motion and found that none of her

arguments rose above the level of "mere allegations." In her written submission before this Court, the plaintiff points to hearings that occurred in the Family Court during 2011 and alleges that "[t]he court transcripts and documents tell the story." But, we must note that she has not provided this Court with transcripts from those hearings. We have said on numerous occasions that the "deliberate decision to prosecute an appeal without providing the Court with a transcript of the proceedings in the trial court is risky business." 731 Airport Associates v. H&M Realty Associates, LLC ex rel. Leef, 799 A.2d 279, 282 (R.I. 2002). Our review of this record provides utterly no basis to say that the trial justice abused his discretion when he found that there was no evidence of fraud that would support granting the plaintiff's Rule 60 motion to vacate.

We affirm the order of the Family Court.

Entered as an Order of this Court this 14th day of April, 2016.

By Order,

_____/s/_____

Clerk

- 4 -


**TITLE OF CASE:**          Rosemarie L. Lavallee v. Daniel P. Lavallee.

**CASE NO:**          No. 2015-50-Appeal.
(K 04-664)

**COURT:**          Supreme Court

**DATE ORDER FILED:**          April 14, 2016

**JUSTICES:**          Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**          N/A – Court Order

**SOURCE OF APPEAL:**          Kent County Family Court

**JUDGE FROM LOWER COURT**:

Associate Justice Raymond E. Shawcross

**ATTORNEYS ON APPEAL:**

For Plaintiff:   Rosemarie Lavallee, Pro Se

For Defendant:   Christopher E. Friel, Esq.